[776 NYS2d 553]

In the Matter of ZAFFAR BUGTTI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 11, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill* (*Bianca Michaelis* of counsel), for petitioner. No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Zaffar Bugtti was admitted to the practice of law in the State of New York by the First Judicial Department on June 29, 1999. At all times relevant to this proceeding, his attorney registration form has reflected only a home address in Connecticut.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law for his failure to cooperate with the Committee in its investigation of professional misconduct. The Committee opened the investigation in April 2003 after receiving a complaint alleging that respondent had forged the complainant's signature on a loan agreement without the complainant's knowledge or consent.

Respondent failed to respond to the Committee's letters sent to his home address, and the Committee's ensuing attempts to locate him in New York or Connecticut were unavailing. The Connecticut Postmaster informed the Committee that respondent had moved from the address listed on his attorney registration form and left no forwarding address. The Committee also discovered that the property at the Connecticut address had been sold in May 2003, but it was unsuccessful in its attempts to contact the new owners. The Committee asserts that respondent left the United States some time in 2002 and was denied reentry in December of that year.

Since it appears that respondent left the country before the complaint was filed against him, it is likely that he never received notice of it. Nevertheless, his failure to inform the Office of Court Administration of changes to his addresses and telephone numbers, as required by Judiciary Law § 468-a, evidences a decision to make himself inaccessible to those to whom he is accountable, including the Committee. This conduct constitutes willful noncompliance with a Committee investigation, which warrants immediate suspension (22 NYCRR 603.4 [e] [1] [i]; *see Matter of Gujral*, 307 AD2d 28 [2003]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately and until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.

ANDREAS, J.P., ELLERIN, WILLIAMS, MARLOW and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.