[786 NYS2d 521]

In the Matter of DOMINICK A. FUSCO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 28, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mady Edelstein* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Dominick A. Fusco was admitted to the practice of law by the First Judicial Department on November 30, 1953. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

In July 2004, after receiving a report from the Honorable Kenneth L. Thompson, Jr., the Departmental Disciplinary Committee commenced an investigation regarding respondent's conduct. Justice Thompson explained that on or about October 25, 2000, he appointed respondent as the Referee in a Bronx County real estate matter. The seller of the property alleged that respondent had not turned over certain funds to which the seller was legally entitled, resulting in the obstruction of the sale of the property. On February 3, 2004, respondent appeared before Justice Thompson and presented a check in the amount of $30,000 from his IOLA account. However, that check was returned to the seller's attorney stamped "closed account" and never replaced. Respondent was directed to appear for a court conference on July 7, 2004. Respondent did not appear.

On July 22, 2004, the Committee received a copy of respondent's $30,000 IOLA check stamped "closed account," as well as correspondence between respondent and the seller's attorney. On July 29, 2004, the Committee forwarded a complaint to respondent and requested an answer within 20 days. Respondent did not submit an answer or contact the Committee.

On September 1, 2004, the Committee sent a second letter to respondent with another copy of the complaint, reminding him that his answer was due and that a motion to suspend him for noncooperation may be warranted. Respondent did not submit an answer or contact the Committee.

On September 22, 2004, the Committee served respondent with a judicial subpoena duces tecum issued by this Court seeking respondent's appearance and production of his file and related financial records. The subpoena was served on respondent's wife, who accepted service on his behalf, at their home which is respondent's registered business address. Respondent did not appear or otherwise contact the Committee.

The Departmental Disciplinary Committee now seeks an order pursuant to Rules of this Court (22 NYCRR) § 603.4 (e) (1)

(i) and (iii) immediately suspending respondent from the practice of law due to his failure to cooperate with the Committee's investigation and based upon uncontested evidence of serious professional misconduct.*

The Committee argues that 22 NYCRR 603.4 (e) (1) (i) of the Rules provides for suspension from the practice of law of any attorney who demonstrates contempt for, or disregard of official notices requesting cooperation with the Committee. The Committee contends that it is clear that respondent has failed to answer the complaint, failed to provide any of the requested records, has defaulted in appearing pursuant to a judicial subpoena, and has not contacted the Committee explaining his conduct. In addition, the Committee asserts that the uncontradicted documentation of a check presented on an IOLA account that had been closed, and respondent's unexcused failure to appear before Justice Thompson to explain this matter, constitutes uncontested evidence of serious professional misconduct warranting immediate suspension pursuant to 22 NYCRR 603.4 (e) (1) (iii).

Respondent's failure to cooperate with the Committee is documented and undisputed. Respondent has failed to answer the complaint, has failed to appear or produce documents pursuant to a judicial subpoena, and has failed to submit an answer to the instant motion. Respondent's conduct "evinces shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful effort to impede the investigation" warranting his immediate suspension from the practice of law (*Matter of Rennie*, 260 AD2d 132, 135 [1999]; *see Matter of Shaw*, 299 AD2d 99 [2002]). Furthermore, respondent's unexplained failure to appear before Justice Thompson constitutes uncontested evidence of professional misconduct.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

MAZZARELLI, J.P., ELLERIN, LERNER, MARLOW and CATTERSON, JJ., concur.

---

* Respondent has not appeared in this proceeding.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.