[928 NYS2d 685]

In the Matter of DANIEL MILLSTONE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 18, 2011

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Daniel Millstone was admitted to the practice of law in the State of New York by the First Judicial Department on July 7, 1977. At all relevant times, respondent has maintained an office for the practice of law within the First Judicial Department. Respondent is currently delinquent in his attorney registration with the Office of Court Administration.

In May 2010, the Departmental Disciplinary Committee (the Committee) received a complaint about respondent from a former client (Mrs. G). The 85-year-old Mrs. G alleged that she had retained respondent to prepare a will in early 2009, at which time she supplied him with relevant personal papers and paid him $250 of a total fee of $750. Several months later, when Mrs. G contacted respondent about the status of her will, he said that he would soon deliver the will and return her papers, but he failed to do so. On two separate occasions thereafter, respondent failed to keep a promise to meet with Mrs. G or her representative. As of the date of the complaint, he had not returned Mrs. G's papers or the $250 she paid him.

Based on Mrs. G's complaint, the Committee opened an investigation into respondent's conduct. The Committee sent respondent a letter, dated July 23, 2010, requesting a written answer to the complaint (which was enclosed) within 20 days. Respondent failed to provide an answer to the complaint within the time requested. On September 22, 2010, the Committee sent a follow-up letter to respondent, both by first class mail and by certified mail, return receipt requested, advising him that continued neglect or refusal to cooperate with the Committee "will expose you to formal charges of professional misconduct." The September 22 letter directed respondent to answer within 10 days and warned that, if he failed to do so, the Committee would "have no alternative but to make an appropriate application to the Appellate Division." Although the copy of the September 22 letter sent by first class mail was not returned to the Committee, the copy sent by certified mail was returned on or about October 21, 2010, marked "return to sender," "not deliverable as addressed," and "unable to forward."

On December 3, 2010, an investigator for the Committee contacted respondent by telephone and confirmed his office address. In addition, respondent agreed to accept service of a

subpoena by mail. Two months later, on February 3, 2011, the Committee sent respondent a subpoena duces tecum directing him to produce, among other things, the papers Mrs. G entrusted to him, and directing him to appear for deposition on February 23, 2011. Although the subpoena sent by first class mail was not returned, the copy sent by certified mail was returned to the Committee marked "unclaimed," "returned to sender," and "unable to forward." Respondent failed to appear for his deposition and has not offered the Committee any explanation for his nonappearance.

Three months later, on May 6, 2011, the Committee sent respondent a letter, both by first class mail and by certified mail, directing him to contact the Committee by May 11, 2011 regarding Mrs. G's complaint, failing which the Committee would commence proceedings to suspend him from the practice of law for lack of cooperation. As of May 27, 2011, the Committee had not received any response to the May 6 letter.

The Committee now moves this Court for an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), suspending respondent from the practice of law, effective immediately and until further order of this Court, based on his failure to cooperate with the Committee's investigation of his alleged professional misconduct, which lack of cooperation poses a threat to the public interest. Respondent has not submitted a response to this motion, which was served upon him at his business address.

We find that respondent has wilfully failed to cooperate with the Committee's investigation. Not only has he failed to answer the complaint the Committee forwarded to him, he has not made contact of any kind with the Committee. Furthermore, although he agreed to accept service of a judicial subpoena, the subpoena sent to his business address by certified mail was returned as "undeliverable," and he failed to appear or to ask for an adjournment. In addition, respondent has made no response to the instant motion. This complete lack of cooperation with the Committee's investigation constitutes a threat to the public interest and warrants respondent's immediate suspension from the practice of law (*see Matter of Amukele*, 58 AD3d 128 [2008]; *Matter of McClain-Sewer*, 39 AD3d 35 [2007]; *Matter of Spiegler*, 33 AD3d 187 [2006]; *Matter of Pierini*, 21 AD3d 42 [2005]). In addition, respondent's failure to register with the Office of Court Administration and to pay the biennial registration fee that was due in August 2010 constitutes conduct prejudicial to the administration of justice warranting reference to this Court for disciplinary action (Judiciary Law § 468-a [5]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), and until further order of this Court.

SAXE, J.P., FRIEDMAN, FREEDMAN, RICHTER and ABDUS-SALAAM, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.