OPINION OF THE COURT
Per Curiam.
Respondent Kevin J. McGraw was admitted to the practice of law in the State of New York by the First Judicial Department on April 28, 1980, under the name Kevin James McGraw. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.
The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law, until further order of this Court, based upon his lack of cooperation with the Committee’s investigation of professional misconduct which threatens the public interest.
In August 2011, the Committee, sua sponte, opened an investigation into respondent’s conduct upon receiving notification from the Lawyers’ Fund for Client Protection that a check in the amount of $500,000, drawn from respondent’s IOLA account, had been dishonored on July 12, 2011.
Respondent failed to answer the sua sponte complaint within the 20-day period as prescribed by the Committee in its letter sent to respondent on August 24, 2011, nor did he provide bookkeeping records for his escrow account as requested by the Committee in that same letter. A follow-up letter dated September *3 19, 2011 was sent by the Committee to respondent, which has been ignored.
On January 10, 2012, Committee staff telephoned respondent’s office and left a message with the law firm’s receptionist for him to call the Committee. Committee staff also left a voice mail message advising him to contact the Committee and that his failure to do so would result in the commencement of proceedings to have him immediately suspended from the practice of law. To date, respondent has not contacted the Committee.
On January 27, 2012, as a result of respondent’s failure to cooperate, a Committee investigator served respondent with a judicial subpoena directing his appearance for a deposition on February 6, 2012 and further directing him to produce all financial records connected with his IOLA account for the period January 2011 to the present. The investigator served the subpoena by handing it to the office manager of respondent’s law firm, who had agreed to accept service. Respondent failed to appear for his deposition, and did not produce any documents or otherwise contact the Committee.
On March 5, 2012, the Committee sent respondent a letter, by first-class mail and certified mail, advising him that, among other things, his failure to contact Committee staff by close of business March 9, 2012 would result in an application to this Court seeking his immediate suspension. Respondent again failed to contact the Committee.
The Committee now seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law based on his failure to cooperate with the Committee’s investigation. It is uncontroverted that the Committee made numerous attempts through various channels to communicate with respondent, and that he has thwarted its investigation by failing to answer the sua sponte complaint, failing to produce relevant escrow account records, and failing to appear before the Committee for a deposition as required by subpoena. Additionally, respondent did not answer this motion or otherwise contact the Committee.
The Committee has presented clear, uncontested evidence of respondent’s professional misconduct which immediately threatens the public interest. We have consistently held that immediate suspension is appropriate for this type of serious professional misconduct (see Matter of Millstone, 88 AD3d 283 [2011]; Matter of McClain-Sewer, 39 AD3d 35 [2007]; Matter of Murawinski, 30 AD3d 129 [2006]; Matter of Fusco, 14 AD3d 94 [2004]).
*4 Accordingly, the Committee’s motion pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
Saxe, J.P., Sweeny, Acosta, Freedman and Román, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until further order of this Court.