OPINION OF THE COURT
Per Curiam.
Respondent Marc Anthony Bruzdziak was admitted to the practice of law in the State of New York by the First Judicial Department on October 4, 2004. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department. Respondent no longer maintains an office at that location, he currently lives in Florida, and is delinquent in his Office of Court Administration (OCA) attorney registration.
The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court due to his failure to cooperate with the Committee’s investigation of professional misconduct which threatens the public interest. Respondent has not appeared in opposition to this motion.
The Committee received a complaint from one of respondent’s clients, alleging that he and his family had retained respondent in late 2008 to represent him in an immigration matter and paid him $2,000. Beginning in January 2009, respondent missed multiple court dates on behalf of the client (who was incarcerated) and he failed to file required documents including a notice of appearance, and an asylum and Convention against Torture Treaty application. The client attempted to contact respondent by phone and by letters but no response was received. When his mother and brother attempted contact, employees at the office where respondent worked told them that he had disappeared from his office and no longer worked there. An order of removal was issued against this client.
Upon receiving this complaint, the Committee made a series of attempts to contact respondent. A letter was sent to respondent’s last known business address asking for a response to the complaint within 20 days, but that was returned as not deliverable and unable to forward. Thereafter, two letters were sent to respondent’s last known home address. No response was received.
On May 8, 2012, a Committee investigator attempted to serve a subpoena duces tecum at respondent’s last known home address, however, when he arrived, he was told that respondent had moved out of the apartment two years earlier. A Lexis *195 search discovered an Ocala, Florida address for respondent and phone number. On May 9, 2012, a Committee staff attorney spoke with respondent by telephone advising him of the complaint filed against him. The Committee advised it would forward a copy of the complaint to respondent’s home address in Florida, which address respondent confirmed was accurate.
Thereafter, the Committee sent respondent two letters with copies of the complaint directing him to answer the allegations. The two letters sent in June advised that, inter alia, respondent’s failure to cooperate with the Committee’s investigation could result in charges and/or his suspension from the practice of law in New York.
On July 12, 2012, the Committee sent a judicial subpoena duces tecum to respondent’s home address via first-class mail and certified mail, directing him to appear for a deposition at the Committee’s offices on July 24, 2012 and for him to bring his file related to the client. The subpoena sent by certified mail was signed for by respondent on July 17, 2012. Respondent failed to appear for his deposition and did not otherwise contact the Committee. The Office of Court Administration’s records continue to list respondent’s business address as 7 West 44th Street, New York, New York, which the Committee confirmed is no longer a valid address for respondent.
Pursuant to 22 NYCRR 603.4 (e) (1) (i), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon the attorney’s failure to comply with any lawful demand of the Disciplinary Committee made in connection with an investigation. The Committee seeks respondent’s immediate suspension based upon his willful failure, over an 11-month period, to respond to the Committee’s numerous letters and a judicial subpoena issued as part of its investigation into his neglect of a client matter and failure to communicate with that client.
Additionally, respondent’s failure to notify OCA of changes to his addresses and telephone numbers, as required by Judiciary Law § 468-a, “evidences a decision to make himself inaccessible to those to whom he is accountable, including the Committee,” which is an additional ground for immediate suspension (Matter of Bugtti, 7 AD3d 15, 16 [1st Dept 2004]). Respondent is also currently delinquent in his attorney registration having failed *196 to register and pay the required fees for the 2010/2011 biennial period.
Respondent’s complete failure to cooperate with the Committee’s investigation demonstrates a willful noncompliance with the Committee’s investigation that threatens the public interest and warrants an immediate suspension from the practice of law (Matter of McGraw, 98 AD3d 1 [1st Dept 2012]; Matter of Millstone, 88 AD3d 283 [1st Dept 2011]; Matter of Bautista, 78 AD3d 75 [1st Dept 2010]).
Accordingly, the Committee’s motion should be granted and respondent suspended from the practice of law, effective immediately, and until the further order of this Court.
Andrias, J.P., Saxe, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.