[994 NYS2d 859]

In the Matter of Lawrence S. Cumberbatch (Admitted as Lawrence St. Clair Cumberbatch), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 16, 2014

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun H. Lee* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Lawrence S. Cumberbatch was admitted to the practice of law in the State of New York by the Second Judicial Department on April 25, 1973, under the name Lawrence St. Clair Cumberbatch. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of this Court based upon his failure to cooperate with the Committee's investigation of allegations of professional misconduct which immediately threatens the public interest.

Respondent's client filed a complaint with the Committee, alleging that respondent neglected her landlord-tenant case. The client further alleged that, after she paid respondent $1,000 to work on a bankruptcy case, respondent informed her that he could not handle the case because he was not a bankruptcy lawyer. She requested a refund of the $1,000, but respondent never returned the funds.

After the Committee initially contacted respondent, respondent submitted an answer generally denying his client's allegations. The Committee then requested respondent provide a chronology of the work he performed on behalf of the client along with any documents in support. When no response was received, the Committee made numerous attempts to contact respondent, including serving a subpoena requiring respondent's appearance for a deposition. Respondent failed to appear, and did not contact the Committee.

The Committee now seeks to immediately suspend respondent from the practice of law based upon his noncooperation. Although served with this motion, respondent has not responded.

Pursuant to 22 NYCRR 603.4 (e) (1) (i), this Court may temporarily suspend from the practice of law an attorney who is

the subject of an investigation by the Committee, pending consideration of charges, upon a finding that the respondent is guilty of professional misconduct that immediately threatens the public interest. Such a finding may be made based upon the attorney's failure "to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation."

Although respondent submitted an answer to the complaint, he has not cooperated with the Committee in its ongoing investigation, and failed to appear for a deposition as ordered by a judicial subpoena. In addition, he has defaulted on this motion. Such conduct demonstrates a willful noncompliance with the Committee's investigation and warrants his immediate suspension (*see Matter of Anyikwa*, 109 AD3d 76 [1st Dept 2013]; *Matter of Millstone*, 88 AD3d 283 [1st Dept 2011]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, until such time as the disciplinary matters pending before the Committee have been concluded and until the further order of this Court.

ACOSTA, J.P., RICHTER, MANZANET-DANIELS, FEINMAN and GISCHE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.