[24 NYS3d 620]

In the Matter of KEVIN J. CONNOLLY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 4, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

*Kevin J. Connolly*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Kevin J. Connolly was admitted to the practice of law in the State of New York by the Second Judicial Department on May 16, 1990. In 2013, the year in which the Departmental Disciplinary Committee commenced the investigation, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court due to his failure to cooperate with the Committee's investigation of complaints alleging professional misconduct which immediately threatens the public interest.

Respondent's clients have filed seven complaints with the Committee alleging neglect. The first complaint alleges that after being paid $500 to represent the client in a civil action, respondent failed to complete the legal matter and did not earn the legal fee paid. The second complaint alleges that after being paid $1,000 to represent the client in a default judgment action, respondent failed to complete the legal matter for which he charged legal fees. The third complaint alleges that after being paid $1,750 to represent the client in a civil action,

respondent failed to complete the legal matter for which he was retained and paid a legal fee. The fourth complaint alleges that after being paid $1,000 to represent the client in a civil action, respondent did not complete the legal matter and did not return the legal fees paid. The fifth complaint alleges that after being paid $2,400 to represent the client in a civil action, respondent neglected the legal matter and failed to earn the legal fees paid. The sixth complaint alleges that after being paid $750 to represent the client in a default judgment action, respondent failed to complete the legal matter. The seventh complaint alleges that after being paid $2,500 to represent the client in a civil action, respondent failed to complete the legal matter and did not earn the legal fees paid.

Beginning on October 24, 2014, the Committee forwarded all seven complaints by separate letters to respondent, with follow-up letters for five of the complaints, and respondent did not submit an answer for any of the letters. On August 24, 2015, this Court issued a subpoena duces tecum directing respondent to appear on September 21, 2015 and to bring with him files relating to five of the complaints. On September 21, 2015, respondent appeared at the Committee's offices and gave a sworn statement, acknowledging he received copies of five of the complaints and stated he did not have answers to submit. Respondent sought an adjournment of the subpoena due to a health issue and so that he could retain counsel, while also agreeing that in two weeks he would, inter alia, appear for an examination under oath or contact the Committee regarding efforts to retain counsel. On October 15, 2015, the Committee forwarded copies of all seven complaints to respondent's New York address. The letters were not returned to the Committee and respondent did not submit an answer to the complaints.

The Committee now seeks to immediately suspend respondent from the practice of law, until further order of the Court, due to his failure to cooperate with the Committee in its investigation. Respondent, pro se, has filed a letter with this Court dated December 10, 2015, which states that he has no defense to the motion.

Pursuant to 22 NYCRR 603.4 (e) (1) (i), failure to comply with lawful demands of the Committee, made in connection with an investigation, constitutes professional misconduct that immediately threatens the public interest and is grounds for an interim suspension (*see e.g. Matter of Silverman*, 128 AD3d 26 [1st Dept 2015]; *Matter of Cumberbatch*, 123 AD3d 152 [1st Dept 2014]).

Respondent has failed to cooperate with the Committee in its investigation into his neglect of seven separate legal matters, failed to appear for resumption of his examination under oath, and failed to submit answers to the seven complaints filed. Such conduct compels the immediate intervention by this Court (*see Matter of Jones*, 110 AD3d 126 [1st Dept 2013]; *Matter of Benzing*, 43 AD3d 163 [1st Dept 2007]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law in the State of New York pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, and until such time as disciplinary proceedings pending before the Committee have been concluded, and until further order of this Court.

TOM, J.P., SWEENY, RENWICK, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.