Matter of Kelley (2020 NY Slip Op 03486)





Matter of Kelley


2020 NY Slip Op 03486


Decided on June 18, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Dianne T. Renwick, Justice Presiding,
Judith J. Gische
Angela M. Mazzarelli
Troy K. Webber
Anil C. Singh,Justices.


M-214

[*1]In the Matter of Ra'Shaun J. Kelley, (admitted as Ra'Shaun Jamar Kelley), an attorney and couselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ra'Shaun J. Kelley, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Ra'Shaun J. Kelley, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 11, 2014.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Yvette A. Rosario, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Ra'Shaun J. Kelley was admitted to the practice of law in the State of New York by the Second Judicial Department on June 11, 2014, under the name Ra'Shaun Jamar Kelley. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) seeks an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3) and Judiciary Law § 468-a, immediately suspending respondent from the practice of law based upon his failure to comply with lawful demands of the Committee in an investigation into allegations of professional misconduct and respondent's failure to comply with Office of Court Administration (OCA) biennial registration and fee requirements for the 2018-2019 registration cycle. Respondent, pro se, has not submitted a response to this motion.
For the reasons set forth below, we now grant the motion to the extent of immediately suspending respondent from the practice of law until further order of this Court.
The Committee commenced its investigation into respondent's conduct based upon four separate complaints. The first complaint came from an individual, B.P., who alleged that in December 2016, he retained respondent for a civil matter, paying him $8,000, but has not been able to contact him since January 17, 2018. The second complaint came from an individual, R.H., who alleged that in May 2017, he paid respondent $1,500 to file a breach of contract action regarding unpaid royalties but, thereafter, respondent neglected the matter. The third complaint came from an individual, E.S., who alleged that in September 2017, he retained and paid respondent $1,500 but has not heard from respondent since February 22, 2018. A fourth investigation was opened by the Committee, sua sponte, after receipt of a September 7, 2018 letter from the Lawyers' Fund for Client Protection advising that a check from respondent's IOLA account in the amount of $38.95 had been dishonored.
On May 21, 2018, respondent answered the R.H. complaint stating that his client misled him as to the underlying facts of the civil dispute and that he explained the problems in the case with R.H. on several occasions. In reply, R.H. denied that respondent discussed his case findings with him.
By letters dated August 13 and September 9, 2018, sent to respondent's OCA registered business address, the Committee wrote respondent requesting additional information about his representation in the R.H. matter, and in the second letter advised that if he failed to submit a response, the Committee would consider moving for his immediate suspension. Respondent failed to respond. The Committee also sent a third request, via respondent's email address registered with OCA, but a computer generated return email was sent noting that delivery was complete "but no delivery notification was sent by the destination server."
Meanwhile, on June 21, 2018, the Committee sent respondent a copy of the E.S. complaint requesting an answer within 20 days, but the letter was returned to the Committee as "not deliverable as addressed" and "return to sender." On August 17, 2018, a second request for an answer was sent and also alerted respondent to the possibility of a suspension for failure to cooperate. Although the letter sent by first class mail was again returned as undeliverable, the copy sent by certified mail was signed for and delivered on August 21, 2018. Respondent failed to submit an answer to the E.S. complaint.
On September 4, 2018, the Committee sent respondent a copy of the B.P. complaint requesting an answer within 20 days, but he failed to submit a response.
By letters dated September 26 and November 21, 2018, the Committee informed respondent about the dishonored IOLA check investigation and requested an answer within 20 days and 10 days, respectively, however, both letters were returned to the Committee as "not deliverable as addressed" and "return to sender."
On January 14, 2019, the Committee wrote respondent at the Brooklyn Detention Complex, where he was being held after having been arrested on January 4, 2019, again directing that he submit further information regarding the R.H. complaint and provide answers to the other three complaints, and advising that his failure to respond could lead to a suspension application. The certified mailing was delivered to respondent on January 16, 2019, but he failed to respond.
On April 22, 2019, while respondent was in court, the Committee's investigator personally served respondent with letters from the Committee dated April 18, 2019 again requesting information and answers related to the four complaints, but he failed to answer.
On June 12, 2019, the Committee wrote respondent again at the Brooklyn Detention Complex seeking the aforementioned information and answers. The letter, sent by priority mail and certified mail, was delivered but respondent did not respond. On August 19, 2019, a third mailing was sent to respondent at the Brooklyn Detention Complex via priority mail, which was delivered on August 20, 2019, but the letter sent via certified mail was returned with the words "signed and refused to accept the mail on 8/22/19." Respondent failed to answer.
On January 2, 2020, the Committee learned that respondent had posted bail and was released from jail on December 24, 2019. To date, respondent has not contacted the Committee concerning the complaints pending against him.
On March 9, 2020, a Committee investigator arrived at respondent's home address and hand delivered the instant motion to suspend respondent to respondent's brother, who accepted service, and that same day mailed a copy of the motion by first class mail and by certified mail return receipt requested to the same address. To date, respondent has not filed a response to this motion.
Pursuant to 22 NYCRR 1240.9(a)(3), an attorney may be suspended from the practice of law on an interim basis, during the pendency of an investigation or proceeding, upon a finding that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon the attorney's failure "to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under [the Rules]" (1240.9[a][3]).
We find that respondent has engaged in conduct immediately threatening the public interest, namely his failure, since June 2018, to respond to the repeated demands by the Committee to provide answers to the complaints and further information related to the fourth complaint. The fact that respondent was incarcerated awaiting trial for a portion of that time period does not excuse his willful failure to respond to the Committee's repeated requests. Moreover, since his release from jail respondent has failed to contact the Committee, nor has he submitted a response to this motion. Such conduct demonstrates a willful noncompliance with a Committee investigation and warrants his immediate suspension (Matter of Matic, 165 AD3d 45 [1st Dept 2018]; Matter of Morgado, 159 AD3d 50 [1st Dept 2018]; Matter of Connolly, 138 AD3d 1 [1st Dept 2016]; Matter of Bourzouye, 131 AD3d 339 [1st Dept 2014]). Further, respondent's failure to keep his attorney registration current is another ground for disciplinary action (Matter of Banji, 106 AD3d 73, 76 [1st Dept 2013]).
Accordingly, the Committee's motion should be granted and respondent is immediately suspended from the practice of law until further order of the Court.
All concur. [June 18, 2020]
Order filed.
The Committee's motion pursuant to 22 NYCRR 1240.9(a)(3) is granted and respondent is suspended from the practice of law, effective the date hereof, and until further order of this Court.