Matter of Kelley (2021 NY Slip Op 01721)





Matter of Kelley


2021 NY Slip Op 01721


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Judith J. Gische
Troy K. Webber
Angela M. Mazzarelli
Anil C. Singh, JJ.


Motion No. 2021-00231 Case No. 2021-00265 

[*1]In the Matter of Ra'Shaun J. Kelley, (admitted as Ra'Shaun Jamar Kelly), a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ra'Shaun J. Kelley, (OCA Atty. Reg. No. 5211305.) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 11, 2014.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Yvette A. Rosario, Esq., of counsel), for petitioner.
Respondent pro se.



Per Curiam 


Respondent Ra'Shaun J. Kelley was admitted to the practice of law in the State of New York by the Second Judicial Department on June 11, 2014, under the name Ra'Shaun Jamar Kelley. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
In March 2020, the Attorney Grievance Committee (the Committee) moved pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.9(a)(3) and Judiciary Law § 468-a, to immediately suspend respondent from the practice of law based upon his failure to comply with lawful demands of the Committee in an investigation into allegations of professional misconduct and upon his failure to comply with OCA biennial registration and fee requirements for the 2018-2019 registration cycle. The motion was based upon respondent's failure to respond to the Committee's repeated requests for further information regarding one complaint and to submit answers to three other complaints. Respondent did not respond to the Committee's motion. By order entered June 18, 2020, this Court granted the Committee's motion for an immediate suspension (184 AD3d 321 [1st Dept 2020]).
The Committee served a copy of the order of suspension with notice of entry on respondent by first class mail and certified mail return receipt requested at his home address. The notice of entry sent by certified mail was delivered to an individual on July 2, 2020; the first class mailed copy was not returned to the Committee.
The Committee's prior notice of motion to suspend contained the following notice:
"PLEASE TAKE FURTHER NOTICE that, pursuant to 22 NYCRR 1240.9(b), an attorney who is suspended under 22 NYCRR 1240.9 and who has failed to respond to or appear for further investigatory or disciplinary proceedings within six (6) months from the date of the order of suspension, may be disbarred by the Court without further notice."
The Committee now seeks an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) on the ground that he was immediately suspended pursuant to 22 NYCRR 1240.9(a)(3) and Judiciary Law § 468-a, and has neither responded to nor appeared for further investigatory or disciplinary proceedings since the date of his suspension more than six months ago. Although served with this motion, he has not submitted a response.
Accordingly, inasmuch as six months have elapsed since this Court's June 18, 2020 suspension order, and respondent has neither responded to, nor appeared for, further investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and his name stricken from the roll of attorneys in the State of New York (Matter of Shapiro, 184 AD3d 352 [1st Dept 2020]; Matter of Dunn, 182 AD3d 129 [1st Dept 2020]; Matter of Matic, 173 AD3d 83 [1st Dept [*2]2019]; Matter of Aris, 169 AD3d 70 [1st Dept 2019]).
All concur.
It is Ordered that the Attorney Grievance Committee for the First Judicial Department's motion for an order pursuant to 22 NYCRR 1240.9(b) disbarring respondent Ra'Shaun J. Kelley, admitted as Ra'Shaun Jamar Kelley, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective immediately and until further order of this Court, and
It is further Ordered that pursuant to Judiciary Law §?90, the respondent, Ra'Shaun J. Kelley, admitted as Ra'Shaun Jamar Kelley, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that Ra'Shaun J. Kelley, admitted as Ra'Shaun Jamar Kelley shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and
It is further Ordered that if respondent Ra'Shaun J. Kelley, admitted as Ra'Shaun Jamar Kelley, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).
Entered. March 23, 2021