[33 NYS3d 150]

In the Matter of MICHAEL D. LEOPOLD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 29, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Scalise Hamilton & Sheridan LLP* (*Deborah A. Scalise* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on September 14, 1983, under the name Michael D. Leopold. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order immediately suspending respondent from the practice of law, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), for failure to cooperate with its investigation of three disciplinary matters.

In September 2011, the Committee opened an investigation into respondent's professional conduct after receiving a complaint from clients who retained respondent to represent them in a real estate transaction. The complaint alleged that respondent failed to disclose that the entire hilltop driveway was not included in the purchase, and noted that respondent was the agent for the title insurance company which issued the title insurance policy for the property.

In October 2011, respondent submitted an answer to the complaint where he averred that his clients owned an adequate portion of the driveway to give them ingress and egress from the property, and that his clients were aware that he was in the title insurance business at the time that they purchased the property.

In March and May 2012, the Committee sent respondent two letters requesting that he produce the files related to the complaint. Respondent did not respond to the letters. In June 2012, the Committee served respondent with a subpoena directing him to produce his clients' file. Respondent complied with

the subpoena. Thereafter, in October 2012, the Committee examined respondent under oath.

In June 2012, the clients involved in the real estate transaction commenced a legal malpractice action against respondent in Westchester County, Supreme Court. Respondent failed to answer the complaint. In January 2013, the clients were granted a default judgment and the parties were directed to appear at a court conference to schedule an inquest to determine damages.

Between April and June 2013, the Committee sent respondent two letters requesting that he notify the Committee of the status of the scheduled inquest. Respondent did not respond to the letters. Thereafter, the Committee learned that the court conducted an inquest on June 27, 2013, at which respondent failed to appear. On August 2, 2013, the court issued a judgment against respondent in the amount of $1,372,458.52.

In December 2013, the Committee sent respondent two letters requesting that he inform the Committee as to what efforts he made to satisfy the judgment against him. After being granted an extension, respondent submitted a response in January 2014, where he explained that he was unable to satisfy the judgment.

In February 2014, the Committee sent respondent a letter requesting that he produce copies of his federal income tax returns for tax years 2010 through 2012. Respondent requested, and was granted, an extension until March 2014 to produce copies of his tax returns; however, he failed to do so. In June 2014, the Committee served respondent with a judicial subpoena directing him to produce his federal and state income tax returns for tax years 2010 through 2013. Respondent has not complied with the subpoena.

In December 2013 and January 2014, the Lawyers' Fund for Client Protection notified the Committee that two escrow checks issued by respondent for $318 and $656 were dishonored due to insufficient funds. The Committee opened two sua sponte investigations. Between January and April 2014, the Committee repeatedly requested that respondent submit written answers explaining why the checks at issue were dishonored and that he provide escrow account records, which he was required to maintain pursuant to Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (d) (1) (i), for the six months preceding the dishonored checks. Respondent did not comply with the Committee's requests nor the judicial subpoena served

in June 2014, which requested respondent to produce the aforementioned tax returns along with his escrow account records. The Committee received the signed receipt for the subpoena served by certified mail.

By affidavit dated August 25, 2014, respondent opposes the Committee's motion for interim suspension for failure to cooperate. Respondent argues that he did not intentionally fail to cooperate with the Committee's investigation, rather, his failure to comply with the Committee's production requests and this Court's subpoena was due to psychological and personal issues related to a protracted divorce and scoliosis. Respondent provided an affidavit from his psychologist, which was submitted in support of an order to show cause to vacate the default judgment in the Westchester County malpractice action. The psychologist's affidavit provides an opinion declaring that respondent's "psychological impairments, while not affecting his professional ability, render it difficult for him to respond to his own personal best interests, including such matters as this lawsuit." The psychologist's affidavit also explains that respondent's failure to respond to the malpractice action was attributable to his adjustment disorder and attention deficit disorder.

Addressing his failure to produce his personal income tax returns, respondent explains that he filed for extensions for the 2011 through 2013 tax years and made partial payments at or around the time he filed for extensions. Respondent avers that he has recently retained a CPA to assist him with filing his returns and paying his taxes, and avers that he will provide the Committee with copies of his personal income tax returns when they are filed. As to his escrow account, respondent explains that the account was mislabeled as a "Special Account" at the time when it was opened in January 2006 with funds he obtained from his parents. Respondent later deposited funds from his divorce settlement and other personal funds into the account. However, he avers that he never deposited client funds into the account. Further, respondent avers that he used the account to keep "special personal funds" separate from his funds in his business checking account.

As to the two dishonored check notifications from the Lawyers' Fund for Client Protection, respondent explains that he issued an escrow check for $899 to his mother to reimburse her for airline tickets for his children. Respondent avers that his mother told him that he did not have to reimburse her and

that she would not deposit the check, but a few months later, she forgot the conversation, and in November 2013, unbeknownst to respondent, she deposited the check.

In December 2013, respondent's health club attempted to debit monthly dues in the amount of $318 from his escrow account. Due to the shortfall caused by respondent's mother depositing the aforementioned check, the debit was dishonored. The second dishonored notification resulted from the health club, in January 2014, attempting to debit $656, which represented the prior and current monthly dues, plus a $20 bank fee. Again, the payment was dishonored. Upon learning of these issues, respondent deposited the funds into the account and the payments cleared.

Respondent submitted bank statements for June 2013 through April 2014 and apologizes for their late submission. He advises that his bank does not provide copies of deposit slips and canceled checks, which he has also been directed to produce. As such, he avers that he requested this material from his bank and will provide it to the Committee once it is received. Respondent has also provided his bank statements for May through July 2014. He asserts that these bank statements show that the account never held client funds, and that all deposits into and disbursements from the account were for his personal purposes. Respondent further advises that he will provide the Committee with his August 2014 statement when he receives it, which will show that he has closed the account.

Respondent emphasizes that he has consulted with his current counsel regarding proper use of an escrow account, including proper titling and record keeping. Respondent asserts that he has also reviewed Rules of Professional Conduct rule 1.15 and now has a "heightened awareness" regarding his escrow related obligations.

In essence, respondent's opposition argues that he did not willfully fail to comply with the Committee's lawful demands as evidenced by: (1) the information contained in the psychological report concerning his adjustment disorder and attention deficit disorder; (2) his partial response in connection with the Committee's investigation of the complaint against him; and (3) the fact that he has provided the tax records and bank statements in his possession. Further, respondent asserts that the Committee has not established any immediate threat to the public interest raised by his conduct. In addition, respondent contends that the imposition of an interim suspension for

failure to cooperate is appropriate when the underlying conduct in the complaint is much more egregious than that alleged against respondent.

As to respondent's default in the legal malpractice action, his opposition notes that respondent has brought on an order to show cause to vacate his default and may be granted leave to file an answer. Respondent requests deferral of the Committee's investigation pending a judicial determination of the pending order to show cause to vacate the default judgment in the malpractice action.

In reply, the Committee argues that respondent's failure to comply with its legitimate requests and this Court's subpoena meets section 603.4 (e) (1)'s definition of an "immediate threat." The Committee requests in the alternative that, if based on the psychological report this Court is satisfied that respondent is incapacitated from practicing law, it impose an indefinite medical suspension pursuant to 22 NYCRR 603.16 (b) (1). Further, that the deferral of the Committee's investigation pending a judicial determination of the pending order to show cause to vacate the default judgment in the malpractice action is not warranted because the conduct at issue in the instant proceeding is respondent's failure to comply with the directives of the Committee and this Court.

Pursuant to 22 NYCRR 603.4 (e) (1) (i), this Court may suspend an attorney from the practice of law pending a disciplinary investigation upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. A finding of professional misconduct may be based upon the failure to comply with lawful demands of the Committee made in connection with an investigation. Respondent's failure to provide the requests for documentation in a complete fashion, to respond to letters, and to comply with this Court's subpoena demonstrates a willful noncompliance with the Committee's investigation that threatens the public interest and warrants an immediate suspension from the practice of law (see Matter of Ciccone, 111 AD3d 115 [1st Dept 2013]; Matter of Jones, 110 AD3d 126 [1st Dept 2013]).

Respondent does not dispute that he failed to cooperate with the Committee's investigation. Notwithstanding respondent's belated and partial compliance with the Committee's demand, it is clear that the Committee's request for certain documentation remains incomplete. The complete bank records requested for the escrow account have not been submitted and the

personal income tax records for the periods requested remain outstanding since respondent failed to file them. Further, respondent's current assurances that he will now submit documents does not alleviate his failure to cooperate, especially given the amount of time respondent had to produce complete documentation.

Thus, the Committee has presented uncontested evidence that respondent has impeded their investigation by failing to submit requested documents, failing to reply to numerous letters and defaulting on a subpoena (*see e.g. Matter of Flaherty*, 119 AD3d 15 [1st Dept 2014]). We need not address the Committee's alternate request for indefinite medical suspension under section 603.16 (b) (1) at this time. Respondent may request consideration of medical relief during his appearance before the Committee.

Respondent's request to defer the Committee's investigation pending a judicial determination of the order to show cause to vacate the default judgment in the malpractice action is denied, pursuant to 22 NYCRR 605.9 (b) (1), since "civil litigation need not be deferred pending determination of such litigation."

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until the further order of this Court.

FRIEDMAN, J.P., MOSKOWITZ, DEGRASSE, CLARK and KAPNICK, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.