[5 NYS3d 433]

In the Matter of MICHAEL L. SILVERMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 26, 2015

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Michael L. Silverman*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Michael L. Silverman was admitted to the practice of law in the State of New York by the Second Judicial Department on December 7, 2005. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of the Court due to his failure to cooperate with the Committee's investigation into allegations of professional misconduct, which immediately threatens the public interest.

The Committee opened an investigation into respondent's conduct after receiving a letter dated November 6, 2013, from the Director of Clinical Legal Education at Cardozo Law School, about respondent, who had been an adjunct clinical professor for the Labor and Employment Clinic at the law school until August 2013. The letter explained that respondent was responsible for supervising students who represent clients at administrative hearings for unemployment benefits, with respondent as the attorney of record. In January 2013, respondent was informed that Cardozo had decided not to continue with the Labor and Employment Clinic after May 2013. The letter further explained that respondent promised that the cases would either be completed or transferred to other counsel before the end of the spring semester. Notwithstanding several requests, respondent did not provide a list of uncompleted cases or any other information about his clients. Under the circumstances, the Director concluded that "[i]t appears a number of cases were simply abandoned" by respondent. The Director of Clinical Legal Education believed that respondent's conduct was likely the result of a "psychiatric disability that is interfering with his ability to practice law."

Beginning on March 25, 2014, the Committee wrote respondent, at his home and business addresses, a letter summariz-

ing the information the Director of Clinical Legal Education at Cardozo provided the Committee and asking him to submit an answer addressing, inter alia, the situation that led to his conduct with regard to the cases he had been handling concomitantly with the Cardozo clinic. A follow-up letter was sent on May 7, 2014, to respondent's home address by certified mail return receipt requested. On May 21, 2014, the Committee received the certified mail return receipt signed by someone, indicating delivery to respondent's home address. Nonetheless, respondent did not submit an answer. A third letter was sent to respondent on June 12, 2004, warning him that his continued neglect of the matter could expose him to disciplinary charges and/or suspension. When no answer was forthcoming, the Committee sent a fourth letter dated August 12, 2014, that included a judicial subpoena seeking his personal appearance on August 26, 2014. Respondent failed to appear on that date. A Committee investigator then checked Department of Motor Vehicle records, which showed that a New York driver's license was mailed to respondent's home address, and that on September 10, 2014, respondent participated in an accident prevention course.

Finally, the Committee also made several attempts to personally serve respondent at his home address. On December 22, 2014, a Committee investigator went to the apartment building where respondent resided. The investigator rang the outside buzzer numerous times with no answer. The investigator then performed a Google search on the spot and obtained respondent's phone number. When the investigator called the number, respondent acknowledged it was he on the other end of the phone. When the investigator told respondent that he was outside respondent's residence to serve him with official court papers and asked him to confirm his address, respondent said he would call him back and hung up. When the investigator called back, there was no answer. On December 26, 2014, the Committee investigator went again to respondent's residence and rang the outside bell numerous times with no answer. The residential building's superintendent opened the ground door and acknowledged to the investigator that he knew that respondent was a tenant of the building. The investigator knocked on respondent's apartment's front door. When no one answered, the investigator taped a copy of the interim suspension motion to the apartment's front door. Upon his return to the office, the investigator mailed two copies of the motion to

respondent, by first-class mail and certified mail return receipt requested.

Despite the foregoing efforts, the Committee reports that respondent has failed to respond to the complaint against him or contact the Committee in response to the many letters sent to him. In light of respondent's failure to communicate with the Committee, the Committee concluded that respondent has intentionally made himself inaccessible to those to whom he is accountable. The Committee thus seeks respondent's suspension from the practice of law until further order of the Court due to his failure to cooperate with the Committee in its investigation.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon: " (i) . . . the attorney's failure . . . to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation" (22 NYCRR 603.4 [e] [1] [i]).

Given respondent's failure to respond to the Committee's numerous letters seeking an answer to the complaint, his failure to appear for a deposition pursuant to judicial subpoena, and his failure to respond to this motion, it appears that respondent has abandoned his law practice and made himself inaccessible to the Committee and his clients (*see Matter of Amukele*, 58 AD3d 128 [1st Dept 2008]; *Matter of Kamgar*, 7 AD3d 114, 116 [1st Dept 2004]; *Matter of Horoshko*, 218 AD2d 339, 341 [1st Dept 1996]). Such conduct demonstrates a willful noncompliance with a Committee investigation and threatens the public interest, warranting an immediate suspension from the practice of law (*see Matter of Benzing*, 43 AD3d 163, 165-166 [1st Dept 2007]; *Matter of Kamgar*, 7 AD3d at 116).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law in the State of New York, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), until such time as disciplinary matters pending before the Committee have been concluded and until the further order of this Court.

FRIEDMAN, J.P., SWEENY, ACOSTA, MOSKOWITZ and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until further order of this Court.