[29 NYS3d 786]

In the Matter of PAUL H. JONES, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 12, 2016

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun H. Lee* of counsel), for petitioner.

*Paul H. Jones*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Paul H. Jones was admitted to the practice of law in the State of New York by the Second Judicial Department on September 12, 1979. At all relevant times respondent has maintained an office for the practice of law within the First Judicial Department.

On November 20, 2013, this Court suspended respondent from the practice of law, as part of a mass suspension, pursuant to Judiciary Law §§ 90 (2) and 468-a, for failure to maintain attorney registration dating back to 2006.

The Departmental Disciplinary Committee (Committee) now seeks a further order, suspending respondent pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), based upon his failure to cooperate with a Committee investigation.

The Committee commenced an investigation in March 2014 after receiving a complaint from a client of respondent. The client alleged that she retained respondent to assist her in her efforts to regain custody of her children, who had been removed from her home and placed in foster care, and that respondent had failed to provide competent legal services and had mistreated her. On April 7, 2014, there was a phone call between the Committee and respondent during which respondent stated that he was unaware of his current suspended status, provided the Committee with an updated office address, and asserted that he would contact the Office of Court Administration (OCA). To date, respondent has failed to contact OCA and remains delinquent in his registration.

By letters dated May 7 and June 4, 2014, sent to respondent's updated office address, the Committee mailed to respondent a copy of the complaint and requested an answer. By letter dated June 9, 2014, respondent provided an answer. By letter dated February 25, 2015, the Committee requested that respondent schedule an examination under oath. Respondent thereafter failed to contact the Committee.

Beginning in March 2015, and continuing for the following 10 months, the Committee unsuccessfully attempted to serve

respondent with a judicial subpoena. Over this time period, respondent failed to respond to all Committee communications, including numerous letters and phone calls, to various addresses and phone numbers obtained by the Committee investigator.

Respondent's failures to reply to the Committee's communications and to schedule an examination under oath constitute professional misconduct immediately threatening the public interest, which warrants suspension pursuant to 22 NYCRR 603.4 (e) (1) (i) (*Matter of Ezeudu*, 119 AD3d 116 [1st Dept 2014]; *Matter of Gadsden*, 103 AD3d 1 [1st Dept 2012]).

Accordingly, the motion should be granted, and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

FRIEDMAN, J.P., SWEENY, RENWICK, SAXE and GISCHE, JJ., concur.

Respondent's suspension from the practice of law continued, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.