[46 NYS3d 861]

In the Matter of RICHARD B. KELLY (Admitted as RICHARD BRETT KELLY), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 16, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Kathy W. Parrino* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Richard B. Kelly was admitted to the practice of law in the State of New York by the Second Judicial Department on June 9, 1993 under the name Richard Brett Kelly. Respondent last maintained a registered address within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of this Court based on his failure to cooperate with the Committee's investigation, and on his failures to file attorney registration statements, pay registration fees, and update his residential address with the Office of Court Administration.*

In October 2010, respondent was indicted in New Jersey for possession of a controlled dangerous substance. Respondent entered into a pretrial intervention program, under which his case was adjourned with dismissal as the final result if he complied with the program's conditions. Subsequently, in February 2013, respondent failed to appear for a status conference and a bench warrant was issued. By letter dated September 24, 2015, the Committee advised respondent that he was the subject of a sua sponte investigation and requested an answer within 20 days regarding his open bench warrant and his delinquent attorney registration. The letter was sent by first-class mail and certified mail return receipt, and the return receipt was signed by respondent and returned to the Committee, but he did not submit an answer.

On October 16 2015, the Committee sent respondent a letter requesting that he submit a written answer to the investigation and advised him that his failure to do so could be independent grounds for disciplinary charges, as well as for his interim suspension based on his failure to cooperate with the investigation. The Committee then served respondent with a

---

* 22 NYCRR 603.4 (e) (1) (i) has been replaced by 22 NYCRR 1240.9 (a) (1) and (3) as of October 1, 2016.

judicial subpoena directing him to appear for an examination under oath, which respondent attended and testified in. At the deposition, respondent stated that he did not respond to the Committee's letters because he was too preoccupied with his personal situation, and that he would promptly resolve his open bench warrant and complete his community service requirement. He also provided his residential address, phone number, and email address to the Committee.

On January 7, 2016, the Committee issued an admonition finding that respondent's conduct leading to his arrest in 2010 and the issuance of the bench warrant in 2013, which remained open, constituted misconduct in violation of the New York Rules of Professional Conduct rule 8.4 (b) (22 NYCRR 1200.0) (illegal conduct that adversely reflects on a lawyer's honesty, trustworthiness, or fitness as a lawyer) and (d) (conduct that is prejudicial to the administration of justice). Between January 2016 and September 2016, the Committee sent respondent a series of letters and emails, and attempted to personally contact and hand-deliver motion papers regarding the interim suspension to respondent. However, despite the Committee's repeated attempts to contact respondent during this time, the Committee only managed to contact respondent once, on his cellular phone. Moreover, respondent failed to attend or respond to a second judicial subpoena.

Furthermore, pursuant to 22 NYCRR 1240.9 (a), by order of the Presiding Justice of the First Department, substituted service by electronic mail was approved. The Committee then served respondent with the instant interim suspension motion by email on December 14, 2016, and respondent has not responded.

The Committee now seeks to immediately suspend respondent from the practice of law, until further order of the Court, due to his willful failure to cooperate with the Committee's investigation. Respondent, pro se, has not submitted a response to this suspension motion. Respondent is aware of the Committee's investigation, and was advised of the possibility of an interim suspension. The record sufficiently establishes that respondent has willfully failed to cooperate with the Committee's investigation, despite having ample opportunity to do so. Such failure to comply with lawful demands of the Committee, made in connection with an investigation, constitutes conduct that immediately threatens the public interest and is grounds for an interim suspension (*see e.g. Matter of Jones*, 139 AD3d

107 [1st Dept 2016]; *Matter of Leopold*, 140 AD3d 72 [1st Dept 2015]; *Matter of Silverman*, 128 AD3d 26 [1st Dept 2015]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9 (a) (1) and (3), effective immediately, and until such time as disciplinary proceedings pending before the Committee have been concluded, and until further order of this Court.

FRIEDMAN, J.P., RICHTER, ANDRIAS, GISCHE and KAHN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.