In the Matter of SUEANNE S. CO (Admitted as SUEANNE SZUEN CO), an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 21, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.
*Sueanne S. Co,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Sueanne S. Co was admitted to the practice of law in the State of New York by the First Judicial Department on February 9, 2009, under the name Sueanne Szuen Co. At all times relevant herein, respondent maintained an office for the practice of law within the First Department.

By motion dated November 14, 2016, the Attorney Grievance Committee (Committee) seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3), immediately suspending respondent from the practice of law until further order of this Court based on her failure to cooperate with the Committee's investigation. In the alternative, the Committee requests that this Court impose an indefinite medical suspension pursuant to 22 NYCRR 1240.14 (b).

The Committee personally served respondent with the instant motion on November 14, 2016 at her registered office address pursuant to CPLR 308 (2). Although there has been some limited cooperation by respondent, as explained below, to date respondent has not submitted an answer to the complaint. Thus, the Committee's motion to suspend respondent until further order of this Court should be granted.

By a letter dated March 18, 2016, a justice of the Supreme Court reported to the Committee that between January and February 2016, during a five-week criminal trial before him, respondent, who represented the defendant, engaged in conduct which resulted in a mistrial. By letter dated April 14, 2016, the Committee advised respondent of the contents of the letter and requested that she submit a written answer by April 24, 2016.

On April 18, 2016, respondent telephoned the Committee staff counsel and sought an extension of time to submit her answer. The Committee extended the time to submit her answer to May 5, 2016, but respondent failed to file an answer by then. By letter dated May 9, 2016, the Committee informed respondent that her answer was due by May 19, 2016, and advised her that failure to submit an answer could result in an interim suspension.

Following a telephone conversation with respondent on May 11, 2016, the Committee provided respondent with a copy of the referring justice's letter and advised her that she had until

May 31, 2016 to submit her answer. Respondent called the Committee on May 17, 2016 and requested another extension. Again, the Committee gave respondent an extension until June 15, 2016 to submit her answer, which deadline she failed to meet.

By letter dated June 17, 2016, the Committee advised respondent that she had until June 22, 2016 to submit her answer or she would be deemed in default, and that this could form the basis of an interim suspension. Respondent again failed to submit an answer. Therefore, the Committee then served respondent with a judicial subpoena, requiring her to appear on July 12, 2016 for an examination under oath. Appearing at her deposition, respondent agreed to submit a written answer to the complaint against her by August 1, 2016, but she failed to do so.

By email dated August 2, 2016, the Committee advised respondent for the third time that her failure to submit a written answer would be grounds for an interim suspension, and extended her deadline to August 5, 2016. On August 5, 2016, respondent sent the Committee two charts which summarized the referring justice's allegations as to her conduct, yet were non-responsive to the Committee's requests. By email dated August 8, 2016, the Committee advised respondent that her submission was non-responsive and that if she did not submit a written answer by August 12, 2016, the Committee would have to move for her interim suspension.

By email dated August 15, 2016, respondent requested an extension until August 18, 2016 to submit an answer. The Committee agreed, but advised respondent that there would be no further extensions. On August 18, 2016, respondent requested a one-month adjournment, so that she could retain counsel. By reply email, the Committee advised respondent that she had until September 1, 2016 to have her counsel file a notice of appearance, and, regardless of whether she retained counsel, she was to submit her answer by September 7, 2016. To date, the Committee has not received a notice of appearance from counsel, nor has respondent submitted an answer.

As the above-delineated chronology demonstrates, respondent's half-hearted efforts at cooperation with the Committee's investigation are inadequate and have only delayed resolution of the complaint against her on its merits. Under the circumstances, we find that she has willfully failed to cooperate with the Committee's investigation, despite having been given ample

opportunity to do so. Such failure to cooperate poses an immediate threat to the public interest warranting an interim suspension pursuant to 22 NYCRR 1240.9 (a) (3).

Accordingly, the Committee's motion, to the extent that it seeks an interim suspension under section 1240.9 (a) (3), is granted, effective immediately. This is without prejudice to respondent seeking to convert this to a medical suspension pursuant to 22 NYCRR 1240.14 (b), if she is so advised.

ANDRIAS, J.P., SAXE, FEINMAN, GISCHE and KAHN, JJ., concur.

Respondent suspended from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof, as indicated.