*224 OPINION OF THE COURT
Per Curiam.
Respondent Scott A. Spencer was admitted to the practice of law in the State of New York by the Second Judicial Department on October 28, 2009. At all times relevant to this proceeding, respondent maintained a registered address within the First Judicial Department.
In November 2015, the Departmental Disciplinary Committee, now known as the Attorney Grievance Committee (Committee), received a complaint from respondent’s former wife, in which she alleged that respondent had failed to comply with a final judgment of divorce issued by a Florida court which directed him to, inter alia, pay her monthly alimony and child support totaling $3,750.
Between December 2015 and January 2016, the Committee sent respondent a series of letters and emails requesting that he submit a written answer to the complaint and include copies of his most recent state and federal income tax returns. In February 2016, respondent, who claimed not to have received the initial letters the Committee sent to his registered address, submitted his answer in which he asserted that the Florida judgment was not valid and enforceable against him because he had never resided in Florida, nor had he been properly served with process, and thus, the court lacked personal jurisdiction over him, and that his ex-wife’s complaint involved legal issues, not disciplinary issues, more appropriately addressed by a New York court.
On March 3, 2016, respondent appeared before the Committee for an examination under oath at which he testified, as relevant herein, that he uses his Office of Court Administration registered address only to receive mail and does not have an actual office; in 2011 he lost his job as an intellectual property attorney due, in part, to downsizing as well as professional difficulties which he attributed to marital discord; he has not been able to find employment since then despite continuous efforts on his part to do so; and he has not had a regular residence since November 2015 because he can no longer afford to pay rent and depends on friends to provide him with temporary, rent free housing.
Respondent stated that before moving to Florida, the wife filed for child support in New York (Westchester County) which the court awarded in December 2011 ($117 per month). Also in December 2011, respondent, with the assistance of pro bono *225 counsel, commenced a divorce action in Westchester County-seeking custody of his three children. However, the record is unclear as to whether respondent pursued this action. Respondent also testified that he had paid some child support but had not done so since 2015 due to lapses in his income and financial problems, namely, he had amassed significant debt and owed back taxes.
By an April 4, 2016 email, respondent provided a supplemental submission in which he asserted that, inter alia, he was not bound by the Florida judgment and had not waived personal jurisdiction, his Florida attorney had a conflict of interest, and he challenged whether there was proper service of process. Respondent’s submission included a June 2014 motion for rehearing of his prior, unsuccessful motion to dismiss the divorce action based on the alleged absence of personal jurisdiction, which his counsel filed prior to issuance of the final judgment of divorce directing him to pay child support and alimony.
After several emails sent back and forth, on June 22, 2016, the Committee emailed a judicial subpoena to respondent which directed him to appear for a second deposition on August 2, 2016 and to produce copies of all tax returns in his possession. Although the Committee requested acknowledgment of its email and subpoena, respondent did not do so. After three unsuccessful attempts by the Committee’s process server to serve the subpoena on June 29, July 7 and 8, the Committee served respondent on July 22, 2016, at the residential address he provided at his March 3, 2016 deposition, pursuant to CPLR 308 (4).
By an August 1, 2016 email, the Committee requested respondent to bring his copies of the previously marked exhibits to his deposition scheduled for the next day. Respondent did not appear on August 2, 2016 as directed, nor did he contact the Committee to request an adjournment. By an August 2, 2016 email, the Committee requested respondent to explain his failure to appear or it would be forced to move for his interim suspension. Respondent did not reply to this email.
By letter dated August 5, 2016, the Committee again requested respondent to explain his failure to appear on August 2, 2016 and to immediately contact the Committee to reschedule his deposition, and informed him that his failure to do so could result in his interim suspension based on failure to cooperate with a disciplinary investigation. This letter was sent to *226 the residential address respondent provided at his March 2016 deposition and to his registered mailing address. The Committee advises that the certified mailing sent to respondent’s residential address was returned but that its other letters were delivered to both addresses. The Committee also emailed the letter to respondent. No response was forthcoming.
By a September 2, 2016 email, the Committee again requested respondent to contact it to reschedule his deposition and advised him that failure to do so could result in his interim suspension. Respondent did not reply to the email. By a September 16, 2016 email, the Committee again warned respondent that if he did not immediately contact the Committee, it would have no choice but to seek his interim suspension. Again, respondent did not reply to the Committee’s email.
In addition to its letters and emails, the Committee advises that since August 2016 it has left approximately two dozen voice-mail messages for respondent at the still connected telephone number he supplied in his initial answer to his ex-wife’s complaint, none of which have been returned. To date, respondent has not complied with the judicial subpoena directing him to appear for a second deposition, nor has he contacted the Committee.
The Committee now seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i),* immediately suspending respondent from the practice of law until further order of this Court based on his failure to cooperate with the Committee’s investigation.
The Committee argues that respondent has willfully failed to cooperate with its investigation, despite having been given ample opportunity to do so, and such failure poses a serious threat to the public interest warranting an interim suspension pursuant to 22 NYCRR 603.4 (e) (1) (i).
The Committee received permission to serve respondent by mailing this motion via first-class mail and certified mail return receipt requested to both the residential address he *227 provided at his March 2016 deposition and his registered address, and also emailed the motion to him. Respondent, pro se, has not submitted a response.
The record sufficiently establishes respondent’s willful failure to cooperate with the Committee’s investigation by failing to appear for a second deposition as directed by judicial subpoena, nor has he responded to the Committee’s letters, emails, and voice-mail messages seeking that he make contact and provide, among other things, his tax returns (see e.g. Matter of Evans, 142 AD3d 122 [1st Dept 2016] [interim suspension where attorney initially provided limited cooperation by appearing for deposition but later failed to provide requested financial information and to answer subsequent complaint]; Matter of Jones, 139 AD3d 107 [1st Dept 2016] [interim suspension for failure to reply to the Committee’s numerous letters and failure to schedule an examination under oath]; Matter of Leopold, 140 AD3d 72 [1st Dept 2015]; Matter of Silverman, 128 AD3d 26 [1st Dept 2015]; Matter of Ciccone, 111 AD3d 115 [1st Dept 2013]).
Accordingly, the Committee’s motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 1240.9 (a) (1) and (3), and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.
Friedman, J.R, Richter, Saxe, Gische and Kapnick, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

 Effective October 1, 2016, 22 NYCRR part 603 was rescinded and 22 NYCRR 1240.9 (a) provides, as relevant, for an interim suspension
“upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest . . . based upon: (1) the respondent’s default in responding to a . . . notice to appear for formal interview, examination, or pursuant to subpoena under these Rules . . . [or] (3) the respondent’s failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under these Rules.”