[62 NYS3d 355]

In the Matter of Brian D. Thomas (Admitted as Brian Dexter Thomas), an Attorney, Respondent. Attorney Grievance Committee for the First Judicial Department, Petitioner.

First Department, October 26, 2017

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Vitaly Lipkansky* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Brian D. Thomas was admitted to the practice of law in the State of New York by the Second Judicial Department on April 10, 2013, under the name Brian Dexter Thomas. At the time the complaints were filed in this matter, respondent was registered with the Office of Court Administration (OCA) as maintaining an office for the practice of law within the First Judicial Department. The Attorney Grievance Committee states that, according to OCA records, respondent has changed his registered office address 17 times since his 2013 admission to the bar.

The Committee seeks an order pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3), immediately suspending respondent from the practice of law based upon his default in appearing for an "examination, or pursuant to a subpoena" and his failure to comply with a lawful demand of the Court or the Committee in an investigation or proceeding. Although personally served with this motion, respondent has not submitted a response.

The Committee's investigation commenced after receiving a complaint on August 17, 2015, from a client alleging that respondent represented her in a Civil Court, Bronx County action and he failed to communicate with her and neglected her legal matter. The Committee received a complaint on December 1, 2015, from another client, a resident of Trinidad, alleging that he had retained respondent to represent him in a civil action in Bronx County and he had neglected the matter and failed to communicate with him.

Both complainants also alleged that they retained respondent when he approached them by the clerk's "window" at the Bronx courthouse, after he asked them about the facts of their cases and offered his legal services.

Respondent submitted answers to each complaint in which he denied the allegations, however, he did not expressly address the allegations of in-person solicitation; nor did he deny it. At the conclusion of its investigation, the Committee

determined to ask respondent to clearly address whether he engaged in solicitation of the complainants in person.

Accordingly, by letter dated February 10, 2017, sent to respondent's home/office address as listed with OCA, the Committee asked respondent to respond to the aforesaid allegation within one week. The USPS tracking information shows that the letter sent by priority mail was successfully delivered and the letter sent by certified mail was returned as "unclaimed." The Committee also left a voicemail message for respondent on February 28 and March 1, 2017, utilizing the cell phone number provided by both complainants. Because respondent failed to respond, the Committee sent a letter dated March 8, 2017, to his home/office address, giving him one week to respond. The letter warned that a failure to respond would result in the Committee obtaining a subpoena from this Court directing respondent to appear for an examination under oath (EUO), and cautioned him that he faced interim suspension if he failed to comply. The letter sent by priority mail was successfully delivered, but respondent did not answer. The letter sent by certified mail was returned with a notation "FORWARD TIME EXP RTN TO SEND" with respondent's name and a different address listed.

Using that forwarding address, the Committee wrote respondent on March 16, 2017, advising, inter alia, that he had still not responded to the February 10 letter (a copy of which was enclosed) or the voicemail messages, gave him another week to answer the Committee's request for information, and again warned him that if he failed to respond the Committee would seek a subpoena directing his appearance at an EUO and that he faced an interim suspension. Both the priority mail and certified mail letters were successfully delivered, with the certified mail return receipt bearing the initials "W.R.", however, respondent still did not respond.

On or about April 7, 2017, the Committee obtained a subpoena ad testificandum from this Court directing respondent to appear for an EUO on April 26, 2017, "and at any recessed or adjourned date." On April 14, a Committee investigator went to respondent's home and personally served him with the subpoena and, thereafter, followed up with a mailing. The copy sent by first-class mail was not returned and the certified mail receipt was returned with an unclear signature.

Notwithstanding being served with the subpoena, respondent did not appear on April 26, nor did he contact the Com-

mittee regarding his failure to appear. By letter dated May 4, 2017, sent to the forwarding address provided by the Post Office in connection with the certified letter dated March 8, 2017, the Committee advised respondent of a new date for his EUO, May 24, 2017, and warned him that the Committee would seek his interim suspension if he failed to appear. The Post Office tracking information shows that the certified letter was "In Transit to Destination" but the letter sent by priority mail was successfully delivered. Respondent did not appear on May 24, nor did he contact the Committee.

The Committee's motion seeks respondent's immediate suspension from the practice of law, pursuant to 22 NYCRR 1240.9 (a) (1) and (3), based upon a finding that respondent is guilty of professional misconduct due to his default in responding to a "petition, notice to appear for formal interview, examination, or pursuant to subpoena" and his failure to comply with the lawful demands of the Grievance Committee in an investigation or proceeding (*Matter of Leopold*, 140 AD3d 72 [1st Dept 2015]; *Matter of Silverman*, 128 AD3d 26 [1st Dept 2015]). The Committee contends that respondent was aware of the Committee's investigative demands and was repeatedly warned that he faced an interim suspension but he has still disregarded this Court's subpoena, despite being personally served with it and despite the Committee's letters and voicemail messages, all of which constitutes conduct immediately threatening the public interest, warranting his immediate suspension (*Matter of Spencer*, 148 AD3d 223 [1st Dept 2017]; *Matter of Co*, 148 AD3d 142 [1st Dept 2017]; *Matter of Kelly*, 148 AD3d 129 [1st Dept 2017]).

The Committee served respondent with this motion at his home by handing the package to a woman, who did not identify herself despite the Committee investigator's request. The Committee mailed the motion by first-class mail and certified mail return receipt requested.

Given respondent's failure to respond to the Committee's numerous letters and voicemail messages seeking he address the allegations of in-person solicitation, his failure to appear for an examination under oath pursuant to judicial subpoena, and his failure to respond to this motion, respondent's suspension from the practice of law on an interim basis during the pendency of an investigation or proceeding and until further order of the Court is warranted (*see e.g. Matter of Evans*, 142 AD3d 122 [1st Dept 2016]; *Matter of Jones*, 139 AD3d 107 [1st

Dept 2016]; *Matter of Cumberbatch*, 123 AD3d 152 [1st Dept 2014]).

Accordingly, the Committee's motion should be granted and respondent is suspended from the practice of law pursuant to 22 NYCRR 1240.9 (a) (1) and (3), effective immediately, and until further order of this Court.

KAPNICK, J.P., KAHN, GESMER, KERN and MOULTON, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until further order of this Court.