Perez v Table Run Estates, Inc. (2021 NY Slip Op 00533)





Perez v Table Run Estates, Inc.


2021 NY Slip Op 00533


Decided on February 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 02, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 20148/15 Appeal No. 13021N Case No. 2020-02577 

[*1]Esperanza Perez, Plaintiff-Appellant,
v
Table Run Estates, Inc., et al., Defendants-Respondents.


Burns & Harris, New York (Judith F. Stempler of counsel), for appellant.
Capehart & Scatchard, P.A., New York (Alyson L. Knipe of counsel), for respondents.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered December 18, 2019, which granted defendants' motion to vacate the default judgment against defendants Table Run Estates and Condetta Brown Desgoutte, unanimously affirmed, without costs.
A party seeking to vacate a judgment entered upon default under CPLR 5015(a)(1) must show a reasonable excuse for the default as well as a potentially meritorious defense (see Leader v Parkside Group, 174 AD3d 420 [1st Dept 2019], lv dismissed 33 NY3d 1111 [2019]). Here, the court providently determined that defendants provided a reasonable excuse for their failure to appear for conferences and depositions scheduled in the action, which led to their answer being stricken, based on the neglect of their attorney, who was suspended and then disbarred from the practice of law during the pendency of the proceedings, based in part on complaints concerning his neglect of matters and failure to communicate with other clients (see Matter of Thomas, 155 AD3d 61 [1st Dept 2017]; Matter of Thomas, 162 AD3d 1 [1st Dept 2018]). Defendants also demonstrated a potentially meritorious defense to the slip-and-fall action through Ms. Desgoutte's affidavit.
Furthermore, plaintiff points to no evidence that she incurred any prejudice. Accordingly, in view of the strong public policy of disposing of cases on their merits, the motion court providently exercised its discretion in granting defendants' motion to vacate the judgment (see Matter of Rivera v New York City Dept. of Sanitation, 142 AD3d 463, 465 [1st Dept 2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2021