Matter of O'Phelan (2024 NY Slip Op 01605)

Matter of O'Phelan

2024 NY Slip Op 01605

Decided on March 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 21, 2024

PM-51-24
[*1]In the Matter of Daniel Joseph O'Phelan, an Attorney. (Attorney Registration No. 4432746.)

Calendar Date:February 26, 2024

Before:Pritzker, J.P., Lynch, Ceresia, Fisher and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan, of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2006, following his 2000 admission in Alaska and his 2002 admission in Hawaii, where he most recently listed a business address with the Office of Court Administration. By December 2020 order of the Supreme Court of Hawaii, respondent was transferred to "inactive" status due to incompetency or disability. He was thereafter transferred to "disability inactive status" by the Supreme Court of Alaska in March 2021. Meanwhile, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has been investigating a client complaint concerning respondent and, in connection therewith, respondent has invoked various medical issues in response to AGC's requests for information. AGC now therefore moves to suspend respondent based upon a determination that he is incapacitated by reason of various medical issues (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.14 [b]; Rules of App Div, 3d Dept [22 NYCRR] § 806.14 [a]) and, because of his incapacity, he has failed or is otherwise unable to comply with AGC's lawful demands for information and records (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]; Rules of App Div, 3d Dept [22 NYCRR] § 806.9). Based upon respondent's medical issues, AGC also seeks a stay of its further investigation of the client complaint against respondent (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.14 [b]). Respondent has not submitted a response to AGC's motion. 
Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14 (b) authorizes AGC to seek "a determination that [a] respondent is incapacitated from practicing law by reason of mental disability or condition, alcohol or substance abuse, or any other condition that renders the respondent incapacitated from practicing law." In seeking a suspension pursuant to this provision, AGC is not obligated to support an application with medical evidence confirming a respondent's incapacity (see e.g. Matter of Scharf, 219 AD3d 1602, 1603 [3d Dept 2023]; Matter of Purser, 195 AD3d 1146, 1147 [3d Dept 2021]; Matter of Hall, 171 AD3d 1446, 1447-1448 [3d Dept 2019]), and we are vested with the discretion to stay a disciplinary proceeding or investigation during the period of the respondent's incapacity (see Rules for Atty Disciplinary Matters [22 NYCRR] §§ 1240.14 [b]; 1240.17). However, there is no temporal limit to the length of a suspension due to incapacity, and it is incumbent upon the respondent to seek reinstatement after the incapacity has been removed and he or she is fit to resume the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.17 [a], [c]).
Here, orders from the Supreme Court of Hawaii and the Supreme Court of Alaska, entered in December 2020 and March 2021, respectively, reveal that respondent was placed on an inactive status in those jurisdictions due to his incapacity and/or disability. Similarly, while respondent has not filed a response [*2]to AGC's motion, respondent provided information to AGC in the course of its investigation, including a letter from respondent's healthcare provider which reveals that, since 2020, he has suffered from certain physical and neurological issues that impact his activities of daily living, as well as his memory and concentration abilities. Given this, we grant AGC's motion and suspend respondent from the practice of law on the basis of his incapacity, effective immediately. Moreover, given the totality of the circumstances, we exercise our discretion to stay the ongoing disciplinary investigation during the period of respondent's suspension (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.14 [b]).[FN1]
Pritzker, J.P., Lynch, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.17); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: Given our conclusion, we need not address that part of AGC's motion seeking relief pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3).