Matter of George (2025 NY Slip Op 03383)

Matter of George

2025 NY Slip Op 03383

Decided on June 05, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 05, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Peter H. Moulton
Justice Presiding
Julio Rodriguez III John R. Higgitt LlinÉt M. Rosado Marsha D. Michael
Justices.

Motion No. 2025-02031|Case No. 2024-05180|

[*1]In the Matter of Karla S. George an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Karla S. George (OCA Atty Reg. 4882106), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Karla S. George, was admitted (as Karla Shaniece Pettaway) to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 23, 2011.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Louis J. Bara, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Karla S. George, was admitted (as Karla Shaniece Pettaway) to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 23, 2011.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Louis J. Bara, of counsel), for petitioner
Respondent, pro se.
Motion No. 2025-02031 — April 28, 2025
In the Matter of Karla S. George, an attorney
Per Curiam Respondent Karla S. George was admitted to the practice of law in the State of New York by the Second Judicial Department on February 23, 2011, under the name Karla Shaniece Pettaway. Respondent maintains a registered business address in the First Judicial Department.
By renewed motion dated April 7, 2025, the Attorney Grievance Committee (AGC) seeks an order pursuant to the Rules for Attorney Disciplinary Matters (NYCRR) § 1240.9(a)(3) immediately suspending respondent from the practice of law, and until further order of this Court, based on her failure to cooperate with its investigation. Respondent has not submitted a response.
The AGC alleges that on September 18, 2023, respondent's uncle filed a complaint averring that respondent misappropriated funds while serving as executor of the uncle's late mother's estate. The AGC sent a letter dated December 13, 2023 to respondent's registered email address requesting respondent submit a written answer to the complaint within 20 days. Respondent did not answer the complaint.
On January 31, 2024, the AGC emailed respondent a second request for an answer with a warning that failure to respond could result in suspension. The AGC received an automated response stating that respondent was "unexpectedly working intermittently," and to contact her "Project Assistant" in the event of a true legal emergency. The AGC also mailed its January 2024 letter to respondent at her registered business address.
On April 8, 2024, the AGC sent a letter to respondent's home address and again directed respondent to answer the complaint within 20 days and warned her of potential disciplinary action for failing to respond. The AGC received a signed receipt but no answer to the complaint.
In June and July 2024, the AGC sent emails to respondent's work address and the address set forth in her uncle's complaint, but she did not respond. Additionally, on July 10, 2024, an AGC process server attempted to serve respondent with a judicial subpoena at her registered home address but upon arrival, was informed by an individual that respondent no longer lived there. Evidence from the NYS Department of Motor Vehicles (DMV) submitted by the AGC indicates that the process server was at the address listed by the DMV as respondent's address.
The AGC moved in September 2024 for respondent's interim suspension based upon her failure to cooperate. Respondent opposed, maintaining[*2], inter alia, that she had been unaware of the AGC's requests and that she submitted an answer on December 12, 2024, disputing the merits of the complaint. The AGC countered that the day after respondent submitted her answer, she was informed of its deficiencies but had to yet fully comply. She failed to address in writing the allegation that she misappropriated approximately $275,000 in estate funds and failed to produce personal bank records.
On February 10, 2025, the Court denied the motion to suspend without prejudice to renew upon respondent's failure to sufficiently respond to the AGC's investigation within 30 days of the AGC's service of a copy of the order, with notice of entry, upon respondent. Respondent was served with the order and notice of entry, but did not respond. Accordingly, the AGC now renews its motion seeking an interim suspension order against respondent, pursuant to 22 NYCRR 1240.9(a)(3).
22 NYCRR 1240.9(a)(3) provides for an interim suspension "upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon . . . (3) the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding."
Respondent's failure to cooperate with the AGC by not turning over bank records or providing a fully responsive answer to the complaint, despite having ample opportunity to do so, is well documented. Such conduct "'evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation'" (Matter of Grant, 184 AD3d 315, 320 [1st Dept 2020], quoting Matter of Gordon, 142 AD2d 135, 137 [1st Dept 1988]). Under the circumstances, interim suspension is warranted (see 22 NYCRR 1240.9[a][3]; Matter of Fox, 197 AD3d 36 [1st Dept 2021]; Matter of Grant, 184 AD3d at 315; Matter of Miller, 170 AD3d 1 [1st Dept 2019]; Matter of Thomas, 155 AD3d 61 [1st Dept 2017]).
Accordingly, the AGC's motion should be granted and respondent suspended from the practice of law effective immediately, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for immediate suspension, pursuant to 22 NYCRR 1240.9(a)(3), is granted, and respondent, Karla S. George, is suspended from the practice of law in the State of New York effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Karla S. George, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding [*3]herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Karla S. George, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Karla S. George, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: June 5, 2025