Matter of Zweben

2026 NY Slip Op 02192

April 9, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Andrew Paul Zweben, an Attorney. (Attorney Registration No.1480748.)

Decided and Entered:April 9, 2026

PM-64-26

Calendar Date: March 2, 2026

Before: Garry, P.J., Aarons, Mcshan, Powers And Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

[*1]

Per Curiam.

Respondent was admitted to practice by the First Department in 1973 and maintains a business address in Ulster County (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]). In June 2025, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation into respondent respecting his attorney escrow account. In sum, respondent's bank had issued an Overdraft/Dishonored Check Report demonstrating that respondent had issued six escrow checks against insufficient funds. After respondent's daughter informed AGC of respondent's medical issues, respondent was granted two extensions of time to respond to AGC's complaint. Respondent's daughter ultimately responded to the complaint; however, the documents submitted did not comply with AGC's demands. Accordingly, AGC now moves for respondent's interim suspension based on his failure to comply with its lawful demands (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]). Alternatively, AGC requests that this Court impose an indefinite suspension pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14 (b) upon the ground of respondent's medical incapacity.

We turn, first, to AGC's request for respondent's indefinite suspension due to medical incapacity. Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14 (b) authorizes AGC to "apply to the Court for a determination that the respondent is incapacitated from practicing law by reason of mental disability or condition, alcohol or substance abuse, or any other condition that renders the respondent incapacitated from practicing law." AGC is not obligated to support an application with medical evidence confirming a respondent's incapacity (see e.g. Matter of O'Phelan, 225 AD3d 1095, 1095 [3d Dept 2024]; Matter of Scharf, 219 AD3d 1602, 1603 [3d Dept 2023]; Matter of Purser, 195 AD3d 1146, 1147 [3d Dept 2021]; Matter of Hall, 171 AD3d 1446, 1447-1448 [3d Dept 2019]). However, this Court has generally considered credible evidence with which the Court can be assured that the respondent is medically incapacitated, such as statements from the respondent or the respondent's attorney, correspondence from the respondent's treating physician, correspondence from the respondent's healthcare proxy or power of attorney or a foreign court order premised upon incapacity (see Matter of O'Phelan, 225 AD3d at 1096; Matter of Scharf, 219 AD3d at 1603; Matter of Roussin, 208 AD3d 174, 176-177 [1st Dept 2022]; Matter of Purser, 195 AD3d at 1147). In this case, this Court has only had the opportunity to review two emails from respondent's daughter that were sent to AGC, which suggest that respondent has serious medical issues that may have some impact upon respondent's ability to practice law, but also suggest that it is "crucial" that respondent maintains the ability to engage in the practice of law.FN1 Accordingly, the scant record before us supports contradictory but equally plausible [*2]inferences concerning respondent's capacity and therefore does not support AGC's request for an indefinite suspension premised on medical incapacity.

Turning to the alternative basis for AGC's motion, "[a] respondent may be suspended from practice on an interim basis during the pendency of an investigation or proceeding . . . upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]). In this vein, "a respondent's demonstrated failure to cooperate and comply with AGC's lawful demands not only constitutes professional misconduct immediately threatening the public interest, it also clearly jeopardizes the effectiveness of the attorney disciplinary system" (Matter of Figueroa, 241 AD3d 1670, 1671 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]). To that end, "the mere failure to comply with a lawful demand of AGC during its investigation is sufficient to form the basis for a suspension" (Matter of Brown, 232 AD3d 981, 982 [3d Dept 2024] [internal quotation marks and citations omitted]).

Our review of the record discloses sufficient evidence establishing respondent's default in responding to AGC's repeated and lawful demands for information and documentation (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]).Respondent was provided with two extensions of time to respond to the complaint, and although respondent's daughter submitted some documentation, that submission was almost entirely deficient, despite her representation that she had assisted respondent with bookkeeping and had maintained diligent records. Moreover, although respondent's daughter advised AGC that she intended to respond to its request for information on respondent's behalf, AGC has notified this Court that it has received no further correspondence from respondent. Accordingly, based on these facts, respondent received ample notice of the complaint against him and was afforded multiple opportunities to respond, but has ultimately failed to substantially comply with the lawful demands of AGC (see Matter of Fischer, 239 AD3d 1229, 1230-1231 [3d Dept 2025]; Matter of Krinsky, 195 AD3d 1149, 1150-1151 [3d Dept 2021]). Therefore, we find that respondent's default constitutes professional misconduct that immediately threatens the public interest (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]), and that his conduct jeopardizes the effectiveness of the attorney disciplinary system (see Matter of Brown, 232 AD3d at 983; Matter of Nestler, 193 AD3d 1320, 1321-1322 [3d Dept 2021]). We therefore suspend respondent during the pendency of AGC's investigation and until further order of this Court, effective immediately. However, we note that our issuance of this order is without prejudice to respondent seeking to convert the suspension imposed herein to a medical-incapacity suspension pursuant to Rules of Professional [*3]Conduct (22 NYCRR) § 1240.14 (b), upon the presentation to this Court of sufficient medical proof demonstrating such an incapacity (see Matter of Russell-Ward, 179 AD3d 11, 13 [1st Dept 2019]; Matter of Co, 148 AD3d 142, 145 [1st Dept 2017]). Further, we remind respondent of his affirmative and ongoing obligation to respond or appear for further investigatory or disciplinary proceedings, and note that his failure to do so within six months of this order may result in his disbarment without further notice (see Matter of Fischer, 239 AD3d at 1232).

Garry, P.J., Aarons, McShan, Powers and Mackey, JJ., concur.

ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further

ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further

ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further

ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further

ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him; and it is further

ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further

ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [b]).

Footnotes

Footnote 1: One email was attached as an exhibit to AGC's motion, and one email was forwarded to this Court by AGC after the filing of its motion. To date, this Court has not received any correspondence from respondent or respondent's daughter respecting the pending motion.